UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELIZ ORELVIS,

                Plaintiff,

v.

THE STATE OF NEW YORK DEPARTMENT
OF CORRECTIONAL SERVICES, et al.,

                Defendants.

REPORT & RECOMMENDATION

05-CV-6498L

---

      Plaintiff in the above-captioned matter initiated this lawsuit on September 26, 2005, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Docket # 1). According to the Complaint, on March 7, 2005, plaintiff was assaulted by another inmate while incarcerated at the Livingston Correctional Facility. Plaintiff alleges that defendants violated his constitutional rights because they failed to protect him from the initial attack and then failed to provide him with appropriate medical care. Plaintiff further contends that following the attack, defendants filed a false misbehavior report accusing him of instigating the assault, which led to his unlawful confinement in the Special Housing Unit ("SHU"). (Docket # 1). Currently before this Court for Report and Recommendation are two separate motions by plaintiff requesting leave to amend his complaint.[1] (Docket ## 10, 32).

---

[1] The first motion is styled as a motion to supplement his complaint, referencing both Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure. Rule 15(d), pertaining to supplemental pleadings, relates to claims arising from "occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff's motion actually seeks leave to assert claims arising from the same events at issue in his pending complaint and thus is more appropriately reviewed as a motion to file an amended, rather than supplemental, complaint and will be analyzed accordingly.

## DISCUSSION

Plaintiff's first motion to amend seeks leave to add a claim of retaliation and three newly-identified defendants: Correctional Officer Green, Sergeant Putney and Deputy Saj. (Docket # 10). According to plaintiff, three days after the alleged assault, Officer Green filed a second misbehavior report falsely reporting that plaintiff had been in possession of a weapon during the incident. (Docket # 10, Ex. A). Plaintiff further alleges that a disciplinary hearing was conducted by Deputy Saj[2] in relation to that report, at which both Officer Green and Sergeant Putney testified falsely about their discovery of the alleged weapon. Following the hearing, Saj found plaintiff guilty and imposed a penalty of an additional six months' confinement in the SHU. Plaintiff alleges that Saj was biased against him and reached a predetermined judgment of guilt. (Docket # 10, Ex. A at ¶¶ 31-32). According to plaintiff, these actions "represent a pattern of events demonstrating an intentional retaliation against the plaintiff, by [these] defendants' interests to take plaintiff out of their administration." (Docket # 10, Ex. A at ¶ 33).

In his second motion to amend, plaintiff seeks to identify a previously unnamed defendant. Specifically, plaintiff advises the Court that the name of the defendant previously identified in his complaint as "Doctor" is actually Benjamin Agustin. Plaintiff now requests that his complaint be amended to reflect Doctor Agustin's correct name. (Docket # 32)

---

[2] Plaintiff's initial motion identified Captain Flagler as the hearing officer and sought leave to amend the complaint to include Flagler as a defendant. (Docket # 10). Defendants did not oppose that portion of plaintiff's motion, correctly indicating that Flagler had already been named as a defendant in the original complaint. (Docket # 12). Plaintiff thereafter submitted a reply memorandum acknowledging his error and seeking to modify his motion to amend and proposed amended complaint to identify Deputy Saj as the hearing officer and to name Saj as a defendant.

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right as expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Notwithstanding the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.

Supp. 2d 657, 666 (S.D.N.Y. 2001)). Thus, the court "must view the claim in the light most favorable to the moving party and determine whether there is a colorable claim for relief." *Santiago v. Steinhart*, 1993 WL 410402, *2 (S.D.N.Y. 1993).

In addition, when considering whether to permit the inclusion of an additional party, Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g., Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

In the instant matter, defendants oppose plaintiff's motion to amend to add defendants Green and Putney on the grounds that the proposed claims against them would be futile. (Docket # 12). Defendants do not, however, oppose plaintiff's motion to amend to add a

4

due process claim against proposed defendant Saj (Docket # 33), and they have filed no opposition to plaintiff's motion to amend in order to identify defendant Agustin.

Plaintiff's proposed amended complaint seeks to include an additional due process claim against Saj arising from the allegedly partial and biased disciplinary hearing conducted by Saj in which plaintiff was found to have been in the possession of a weapon at the time of the incident that forms the basis of the original complaint. (Docket # 10). These allegations clearly raise questions of fact common to the claims in the pending complaint; accordingly, pursuant to Federal Rules of Civil Procedure 15 and 20, plaintiff's motion to amend his complaint with regard to defendant Saj should be granted.

Plaintiff's second motion to amend seeks to name Dr. Agustin as a defendant. (Docket # 32). The original complaint filed by plaintiff includes several allegations against a defendant identified simply as "Doctor." At the time he filed his complaint, the Court directed plaintiff to identify the unnamed defendant through discovery "as soon as possible." (Docket # 3). Plaintiff now claims that through discovery he has identified the doctor as Benjamin Agustin, a physician at the Livingston Correctional Facility. On this record, I recommend that plaintiff's second motion to amend be granted.

I reach a contrary conclusion with respect to plaintiff's request to amend his complaint to include claims against proposed defendants Green and Putney, finding that those claims would be futile. Plaintiff's proposed claims allege that Green and Putney filed a false misbehavior report accusing plaintiff of possessing a weapon and then testified falsely about such weapon during a subsequent disciplinary hearing. Even if the Court were to accept plaintiff's allegations as true, they do not rise to the level of a constitutional violation. The Second Circuit

5

has made clear that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *see Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986) (finding that the "filing of unfounded charges does not give rise to a *per se* constitutional violation actionable under Section 1983"); *Porter v. Goord*, 2004 WL 2271383, *3 (W.D.N.Y. 2004) ("a claim of false testimony by a correctional officer witness at a disciplinary hearing, in and of itself, does not state a cognizable claim that plaintiff's due process rights were violated"); *see also Briscoe v. LaHue*, 460 U.S. 325, 326-46 (1983) (plaintiff's allegation that officer provided false testimony at trial does not give rise to a § 1983 claim). Rather, to assert such a claim, the inmate must demonstrate more, "such as retaliation against the prisoner for exercising a constitutional right." *Id.* (citing *Franco v. Kelly*, 854 F.2d 584, 588-89 (2d Cir. 1988)). Although plaintiff alleges in conclusory fashion that Green and Putney retaliated against him "for [having] been involved in an event requiring their intervention as officers" (Docket # 10 at ¶ 22), he has failed to allege any specific facts to suggest that the officers acted in response to plaintiff's exercise of a constitutional right. Indeed, the allegedly false misbehavior report was filed three days after the alleged assault, several months before plaintiff filed a grievance relating to it and approximately six months before he initiated this lawsuit. (*See* Docket # 1, Ex. A). On this record, plaintiff's proposed amended claims against Green and Putney do not sufficiently allege a deprivation of his constitutional rights, and his motion to amend to include such claims should be denied.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that plaintiff's motion to amend his complaint **(Docket # 10) be GRANTED in part and DENIED in part** and that his second motion to amend his complaint **(Docket # 32) be GRANTED**.  Specifically, I recommend that plaintiff be permitted to amend his complaint to correctly identify Dr. Benjamin Agustin and to include a due process claim against Deputy Saj.  Plaintiff's motion to amend should be denied in all other respects.

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       February 23, 2007

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.</u>**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                                  MARIAN W. PAYSON
                                                              United States Magistrate Judge

Dated: Rochester, New York
        February 23, 2007