

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FELIZ ORELVIS,

                Plaintiff,        DECISION AND ORDER
                                            05-CV-6498 CJS

vs.

THE STATE OF NEW YORK DEPARTMENT
OF CORRECTIONAL SERVICES, et al.,

                Defendants.
_____

## APPEARANCES

For plaintiff:        Feliz Orelvis, *pro se*
                           97-A-6178
                           Auburn Correctional Facility
                           Box 618
                           Auburn, New York 13021

For defendants:     Maritza C. Buitrago, Esq.
                           Office of New York State Attorney General
                           144 Exchange Blvd., Suite 200
                           Rochester, New York 14614

## INTRODUCTION

Plaintiff Feliz Orelvis ("Plaintiff"), a prison inmate currently confined at Auburn Correctional Facility, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, claiming that defendants violated his constitutional rights. Now before the Court are Plaintiff's Objections [#48] to a Report and Recommendation [#34] of the Honorable Marian

W. Payson, United States Magistrate Judge ("Judge Payson"), which granted-in-part and denied-in-part Plaintiffs' motion [#10] for leave to file supplemental pleadings, and which granted Plaintiff's motion [#32] to amend the complaint. For the reasons that follow, Plaintiff's objections are denied.

## FACTUAL BACKGROUND

The claims in this action arise from incidents which allegedly occurred at Livingston Correctional Facility ("Livingston") and Lakeview Shock Incarceration Facility ("Lakeview") in 2005. The defendants named in the Complaint [#1] are Corrections Officer Stickel ("Stickel"), John Doe Doctor ("Doctor"), Lieutenant Simon ("Simon"), Captain Fligt ("Fligt"), Lieutenant Zimpfer ("Zimpfer"), Captain Amoia ("Amoia"), and Thomas Eagen ("Eagen"). Plaintiff alleges that, on March 7, 2005, while at Livingston, Defendants failed to protect him from being assaulted by another inmate, and then failed to provide him with appropriate medical care. Plaintiff further alleges that Defendants subsequently issued him a false misbehavior report, and denied him a fair hearing, which resulted in him being convicted and placed in the Special Housing Unit ("SHU") at Lakeview. Finally, Plaintiff alleges that, although his conviction was eventually reversed, Defendants failed to release him from the SHU at the proper time.

On May 26, 2006, Plaintiff filed a motion [#10] to supplement the Complaint. Specifically, Plaintiff sought leave to add the following new defendants: Correction Officer Green ("Green"), Sergeant Putney ("Putney") and Deputy Saj ("Saj").[1] Plaintiff

---

[1] In the motion to supplement, Plaintiff initially indicated that he was adding claims against "Captain Flager." However, Plaintiff subsequently stated that the reference to Flagler was mistaken, and that he intended to name Deputy Saj. Defendant's counsel indicated that she had no objection to Plaintiff adding Saj instead of Flagler. (See, [#33]). Accordingly, the Court treats the motion to supplement as referring to Saj instead of Flagler.

2

alleges that, on March 9, 2005, after he was placed in the SHU following the assault against him on March 7, 2005, Green and Putney issued him a false misbehavior report, alleging that during the assault on March 7, Plaintiff had possessed a weapon. Plaintiff further alleges that Saj deprived him of a fair hearing, and that as a result he was convicted and sentenced to six months in the SHU. Defendants' counsel, on behalf of Green and Putney, opposed the motion to supplement, arguing that the supplemental claims against Green and Putney failed to state a claim, since the issuance of a false misbehavior report does not rise to the level of a constitutional violation. Defendants' counsel did not oppose the motion to supplement with regard to Saj.

On February 8, 2007, Plaintiff filed a motion [#32] to amend the complaint, to identify the John Doe Doctor as "Doctor Benjamin Agustin." Defendants did not oppose the application.

On February 23, 2007, Judge Payson issued a Report and Recommendation [#34], recommending that the Court grant the motion to amend [#32], and that it grant-in-part and deny-in-part the motion [#10] to supplement the complaint. In recommending that the Court deny the motion to add Green and Putney as defendants, Judge Payson found, in relevant part, that Plaintiff's allegations concerning the issuance of a false misbehavior report failed to state a claim. Moreover, although issuance of a *retaliatory* false misbehavior may state a constitutional claim, Judge Payson found that Plaintiff failed to state such cause of action. In that regard, Judge Payson observed that the allegedly retaliatory misbehavior report was issued on March 9, 2005, while Plaintiff did not file any grievances until several months later. (*See,*

3

Report and Recommendation [#34] at 6) ("Although plaintiff alleges in conclusory fashion that Green and Putney retaliated against him 'for [having] been involved in an event requiring their intervention as officers,' (Docket #10 at ¶ 22), he has failed to allege any specific facts to suggest that the officers acted in response to Plaintiff's exercise of a constitutional right.").

On April 4, 2007, Plaintiff filed the subject Objections [#48] to the Report and Recommendation. Plaintiff specifically objects to that portion of the Report and Recommendation which denied his request to add claims against Green and Putney. In support of his Objections, Plaintiff maintains that Green and Putney retaliated against him, after he refused to sign a report that they had prepared concerning the assault on March 7, 2005. (See, Objections [#48] at ¶ 6) ("Sgt. Putney handed over said statement to me, asking me to place my signature and I refused, telling him 'that I don't want to incriminate myself.'"). According to Plaintiff, Putney "got personal feelings because of [my] refusal to sign his statement, making direct verbal threats to me, stating: 'I am giving to him a lot of hard time,' that 'I have caused a lot of work to do and wasted his time.'". (Id. at ¶ 7). Plaintiff further states:

> Trying to find out, Plaintiff did ask Putney 'What do you mean by giving a lot of work and wasting your time?', and as an answer Putney responded to that: 'It is what I will see during the hearing.' . . . Finally, Sgt. Putney stated to me that: 'We do not really need your signature," then he proceeded to sign his statement."

(Id. at ¶¶ 8-9). These alleged facts do not appear in Plaintiff's Motion [#10]. Nevertheless, Plaintiff contends that these facts were "suggested" in his motion [#10] and in Defendants' response [#12].

4

## STANDARDS OF LAW

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(C), when a magistrate judge makes a report and recommendation on a pretrial matter that is dispositive of a party's claim or defense, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FRCP 72(b)(3). Moreover, where a party is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Having conducted a *de novo* review of all of the relevant documents, the Court agrees with Judge Payson's recommendations. In that regard, the Court does not believe that the factual statements contained in Plaintiff's Objections state a claim for retaliation. However, even if they did, Plaintiff is mistaken in claiming that either his motion, or Defendants' response, provides any hint of those matters. Consequently, Plaintiff's proposed supplemental pleading [#10] clearly fails to raise a plausible claim of retaliation against Green and Putney. Accordingly, Judge Payson correctly denied the application as futile.

## CONCLUSION

Plaintiff's objections [#48] to Judge Payson's Report and Recommendation [#34] are denied, and Judge Payson's Report and Recommendation [#34] is affirmed and adopted in all respects. Plaintiff's motion to amend [#32] is granted. Plaintiff's motion to supplement [#10] is granted with regard to the due process claims against Deputy Saj, and

is otherwise denied. The Clerk of the Court is directed to add Deputy Saj as a defendant, and to cause the United States Marshal to serve a copy of the Summons, Complaint [#1], Motion to Supplement [#10] and this Order upon Deputy Saj without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

Dated: October 16, 2008
Rochester, New York

ENTER.

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge